<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4145**

———————

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

      v.

FELIPE JESUS MADRIGAL, a/k/a Sld Dft 3:03cr70-11,

                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:03-cr-00070-FDW-DSC-11)

———————

Submitted:  March 24, 2011         Decided:  April 11, 2011

———————

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Henry C. Su, HOWREY, LLP, East Palo Alto, California, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felipe Jesus Madrigal pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The district court sentenced Madrigal to seventy months' imprisonment. Madrigal's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating his opinion that there are no meritorious issue for appeal but questioning whether Madrigal's guilty plea was knowing and voluntary and whether Madrigal's trial counsel was constitutionally ineffective. Madrigal filed a pro se supplemental brief asserting that he was entitled to a substantial assistance departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2004), and that the district court erred in failing to apply the 18 U.S.C. § 3553(f) (2006) safety valve. The Government has declined to file a responsive brief. We affirm.

First, counsel questions whether Madrigal's plea was knowing and voluntary. Because Madrigal did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). To establish plain error, Madrigal "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United

2

States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within [this Court's] discretion, and [the Court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted). After a careful review of the record, we conclude that no error, plain or otherwise, was committed during the district court's acceptance of Madrigal's guilty plea, which was knowing and voluntary.

Next counsel questions whether Madrigal's trial counsel was ineffective. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C.A. § 2255 motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because our review of the record reveals that ineffective assistance of counsel is not conclusively established, this claim is not cognizable on direct review.

Next, Madrigal asserts that he was entitled to a § 5K1.1 departure. District courts can "review a prosecutor's

refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-86 (1992). Madrigal's plea agreement states that the Government "may" make a § 5K1.1 motion, but clearly leaves the decision of whether to move for a § 5K1.1 departure to the sole discretion of the Government. When, as here, the plea agreement imposed no binding obligation, even if the defendant cooperated "fully and truthfully," the decision whether to make the motion lies with the government. United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). In this case, the Government made no promises that it would move for a § 5K1.1 departure, nor does Madrigal allege that the Government's refusal to make such a motion was based on an unconstitutional motive. Accordingly, Madrigal failed to demonstrate he was entitled to a departure.

Lastly, Madrigal contends that he should have been eligible for the safety valve reduction. A district court's determination of whether a defendant has satisfied the safety valve criteria is a question of fact reviewed for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997). This deferential standard of review permits reversal only if this court is "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer

4

_City_, 470 U.S. 564, 573 (1985)).  To qualify for the safety valve provision, the defendant must establish the existence of five prerequisites.  18 U.S.C. § 3553(f) (2006); USSG § 5C1.2.  The burden is on the defendant to prove that all five safety valve requirements have been met.  _United States v. Beltran-Ortiz_, 91 F.3d 665, 669 (4th Cir. 1996).  Because of Madrigal's passport fraud conviction, he had two criminal history points.  Therefore, Madrigal does not satisfy the statutory requirement that the defendant have no more than one criminal history point.  Accordingly, the district court did not err, clearly or otherwise, in finding that Madrigal did not qualify for the safety valve.

In accordance with _Anders_, we have reviewed the record in this case and have found no meritorious issues for appeal.  This court requires that counsel inform Madrigal, in writing, of the right to petition the Supreme Court of the United States for further review.  If Madrigal requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Madrigal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before the court and argument would not aid the decisional process.

AFFIRMED